# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER STEVEN JOHNSON, | 1:07-cv-01507 AWI DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| M.S. EVANS, | [Doc. 4] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on October 17, 2007. On October 31, 2007, the Court issued an order to show cause why the petition should not be dismissed for failure to exhaust the state judicial remedies. (Court Doc. 4.) Petitioner's response was due within thirty (30) days from the date of service of that order. (Id.) Petitioner has failed to respond to the Court's order.

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

1  failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.
2  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with
3  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
4  comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833
5  F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

6       In determining whether to dismiss an action for lack of prosecution, the Court must
7  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
8  Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public
9  policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
10 alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856
11 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving
12 this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this
13 case has been pending since October 17, 2007.  The Court's order of October 31, 2007,
14 specifically warned the "[f]ailure to comply with this order may result in the action be[ing]
15 dismissed for failure to comply with a court order.  Local Rule 11-110." (Court Doc. 4.)  The
16 Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner.  The third
17 factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of
18 injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.
19 Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring
20 disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal
21 discussed herein.  Finally, given Petitioner's noncompliance with the Court's order, no lesser
22 sanction is feasible.

23      Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
24 Petitioner's failure to prosecute.  This Findings and Recommendation is submitted to the United
25 States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636
26 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court,
27 Eastern District of California.  Within thirty (30) days after being served with a copy, any party
28 may file written objections with the court and serve a copy on all parties.  Such a document

1  should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies
2  to the objections shall be served and filed within ten (10) court days (plus three days if served by
3  mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling
4  pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure
5  to file objections within the specified time may waive the right to appeal the District Court's
6  order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:   **December 18, 2007**          /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE